GAIDRY, J.,
concurs in part and dissents in part with reasons.
hi respectfully concur in the well-reasoned opinion of the majority, except as to the issue of the classification of the payments by LASERS after age seventy.
The jurisprudence holds that in classifying benefits we must look to the purpose of the payment, as this is fair and equitable. I do not accept that after age seventy, the benefits that defendant receives are to replace lost earnings. Rather, the payments are in the nature of retirement benefits. The parties were married and participating in a community property regime during the entire tenure of defendant’s service as a judge. Notwithstanding whether or not defendant elected to receive a normal retirement benefit pursuant to La. R.S. 11:221(4), he cannot elect to deprive plaintiff of her proportionate share of the benefits, whatever they are called, attributable to his employment during the existence of the community. Sims, 358 So.2d at 923-924.
Accordingly, I would affirm that portion of the trial court judgment holding that the “regular retirement” benefits of defendant are community property and that plaintiff is entitled to one-half of the said *847 benefits from August 18, 2005, forward. I dissent in part on that basis.